# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HESTER,<br><br>           Plaintiff,<br><br>   v.<br><br>CLENDENIN, *et al.*,<br><br>           Defendants. | Case No. 1:20-cv-01569-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff William Hester ("Plaintiff") is a civil detainee appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). The Court screened Plaintiff's complaint, filed on November 6, 2020, and granted Plaintiff leave to amend or notify he was willing to proceed on the cognizable claims. Plaintiff's first amended complaint, filed on May 7, 2021, is currently before the Court for screening. (Doc. 7.)

### I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Coalinga State Hospital, where the events in the complaint are alleged to have occurred. Plaintiff names Stephanie Clendenin, Director of State Hospitals, as the sole defendant. She is named in her official capacity.

Plaintiff alleges he, a civil detainee, has the right to be free from punishment. Plaintiff alleges that Defendant Clendenin is the top policy maker responsible for the policies at issue. Plaintiff alleges that the Sexual Violent Predator Act does not implicate punishment and retribution and deterrence cannot be used to implement regulations as pertain to Plaintiff. Plaintiff alleges title 9, §4350[1] does not have penological interest, and cannot be for the purpose of punishment, retribution or deterrence. Plaintiff has been denied contraband items identified in §4350. It should not be applied to civil detainees. Plaintiff alleges that §4350 is supposed to be

---

[1] 9 C.C.R. §4350 prohibits as contraband, electronic devices with communication and internet capabilities, such as devices capable of connection to the internet, computers, digital memory storage, other means of memory storage.

2

for protecting public safety but that reason only applies to criminal law. There are no facts that relate to an actual injury, damages or harm to patients or staff if Plaintiff is allowed to have items listed in §4350. Possession of child pornography or copying copy-right material does not relate to a specified harm to a patient or staff or show that Plaintiff will engage in prohibited acts. There is no evidence that Plaintiff will engage, or ever has, engaged in such activity. Plaintiff alleges that the acts of less than a dozen individuals were used to justify the emergency order and caused a serious infringement to others. Denial of the items in §4350 should be individually based. The blanket denial for all does not show it is injurious to staff or causes injury to the facility.

Plaintiff alleges that devices cannot be searched under Penal Code §1546.1 and the hospital denies possession of the devices unless a patient agrees to random searches. Plaintiff alleges that the ban of devices that can connect to the internet under §4350 is more restrictive than criminal counterparts. Section 4350 is a blanket ban without any individual determination. It is not therapeutic to do a blanket ban and the treatment team should specify the right denied for therapeutic reasons.

Plaintiff alleges that possession or viewing child porn does not impose a security risk to the facility, with no risk to the structure of the facility, daily function, harm to staff member or patient. (Doc. 7 ¶25.) There is no blanket policy to deter other criminal activity. This selective treatment violated due process and equal protection.

The policy was implemented under a theory of cost and savings. It infringes on Plaintiff's rights and implemented to make staff's job easier. Section 4350 is excessive as applied to SPVA inmates.

Plaintiff challenges Defendant Stephanie Clendenin actions and inactions as the top policy maker in implementing regulations and administrative directive that are based and designed to have retribution and deterrence and are punitive. The policies and directives infringe on Plaintiff's access to free speech information such as political information and decisions which are primarily conducted online

Plaintiff requests declaratory relief that §4350 cannot be applied to civil detainees and

seeks compensatory damages. Plaintiff seeks other declarations including Plaintiff is civil detainee and is not confined in jail or prison and not subject to deterrence or punishment regulations and that any deprivation be based on individualized assessment. Plaintiff also seeks compensatory damages against Defendant.

**III. Discussion**

**A. Due process**

The Due Process Clause of the Fourteenth Amendment contains both a procedural and substantive component. *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997). "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property interests' within the meaning of the Due Process clause." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

1. Procedural Due Process

Plaintiff alleges that regulation promulgated is in violation of his right to Due Process. But, the Ninth Circuit has specifically rejected the idea that the Due Process Clause requires prior notice before enacting and enforcing laws of general applicability." *Halverson v. Skagit County*, 42 F.3d 1257, 1260 (9th Cir. 1994). "[G]overnmental decisions...not directed at one or a few individuals do not give rise to the constitutional procedural due process requirements of individual notice and hearing; general notice as provided by law is sufficient." *Halverson*, 42 F.3d at 1260. Further, to state a procedural due process claim, a plaintiff must establish "a legitimate claim of entitlement" to the relief sought. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 463 (1989). Generally, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Clukey v. Town of Camden*, 717 F.3d 52, 56 (1st Cir. 2013). In the context of a new regulation that imposes a system-wide ban on a defined type of property with no exceptions, the only process due to inmates is notification of the regulation change and an adequate opportunity to comply with it. *Nevada Dept. of Corrections v. Greene,* 648 F.3d 1014, 1019 (9th Cir. 2011) ("Here, prison officials enacted a system-wide ban [on typewriters] with no exceptions. While Downs was not offered an individual pre-deprivation hearing, he was notified of the change in the regulation and given an adequate opportunity to comply with it. With respect

4

to the personal property of prisoners, that is all the process that is due.").

Plaintiff does not challenge the procedure of adoption of the regulation, nor could he. Here, the challenged provisions of Title 9 are one of general applicability to inmates that do not target individuals. Plaintiff was not entitled to individualized notice or the right to be heard. As such, Plaintiff's procedural due process claim fails as a matter of law.

2. Substantive Due Process – Punitive Nature of the Regulation

"[T]he due process clause includes a substantive component which guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." *Halverson v. Skagit Cty.,* 42 F.3d 1257, 1261 (9th Cir. 1994), as amended on denial of reh'g (Feb. 9, 1995) (quoting *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1407 (9th Cir.1989). States are required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," and to provide "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (citations omitted).

Although civilly detained persons must be afforded more considerate treatment and conditions of confinement than convicted defendants, where specific standards are lacking, courts may look to decisions defining the constitutional rights of prisoners to establish a floor for the constitutional rights of persons detained under a civil commitment scheme, *Padilla v. Yoo*, 678 F.3d 748, 759 (9th Cir. 2012) (citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007), vacated and remanded on other grounds by 556 U.S. 1256 (2009), and may borrow Eighth Amendment standards to do so, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991), abrogated on other grounds by 511 U.S. 825 (1994). But the conditions under which civil detainees are held cannot be harsher than those under which prisoners are detained except where the statute itself creates a relevant difference. *Hydrick*, 500 F.3d at 989 n.7.

The Due Process Clause requires that the nature and duration of the civil commitment must bear some reasonable relation to the purpose for which the individual is committed. *Jones v.*

*Blanas*, 393 F.3d 918, 931 (9th Cir. 2004). However, civilly detained individuals can be subject to restrictions that have a legitimate, non-punitive government purpose and that do not appear to be excessive in relation to that purpose. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). "A reasonable relationship between the governmental interest and the challenged restriction does not require an exact fit, nor does it require showing a 'least restrictive alternative.' " *Valdez v. Rosenbalm*, 302 F.3d 1039, 1046 (9th Cir. 2002) (citations omitted). The only question is whether the defendants might reasonably have thought that the policy would advance its interests. Id.

Under Ninth Circuit precedent, "a restriction is 'punitive' where it is intended to punish, or where it is 'excessive in relation to [its non-punitive] purpose,' or is 'employed to achieve objectives that could be accomplished in so many alternative and less harsh methods[.]" *Jones*, 393 F.3d at 934 (citations omitted). "[A] presumption of punitive conditions arises where the individual is detained under conditions identical to, similar to, or more restrictive than those under which pretrial criminal detainees are held, or where the individual is detained under conditions more restrictive than those he or she would face upon commitment." *Id.* This presumption can be rebutted by the defendants explaining a legitimate, non-punitive purpose for the conditions imposed. *Id.*

Plaintiff alleges that due to section 4350, he is being detained under conditions that are more restrictive than the conditions of prisoners in the custody of the California Department of Corrections and Rehabilitation or those on probation. Defendants may be able to provide reasonable justification for the ban on the relevant devices, but at the pleading stage, Plaintiff's allegations are sufficient to state a cognizable condition of confinement claim against Defendant Clendenin based on the amendments to section 4350. See *Williams v. Price*, No. 18-CV-00102-LJO-SAB(PC), 2018 WL 4735729, at *5–6 (E.D. Cal. Sept. 28, 2018), report and recommendation adopted, No. 18-CV-00102-LJO-SAB(PC), 2018 WL 5880780 (E.D. Cal. Nov. 8, 2018), order superseded, No. 18-CV-00102-LJO-SAB(PC), 2018 WL 5886157 (E.D. Cal. Nov. 9, 2018), and report and recommendation adopted in part, rejected in part, No. 18-CV-00102-LJO-SAB(PC),, 2018 WL 5886157 (E.D. Cal. Nov. 9, 2018). Plaintiff states a cognizable substantive due process claim.

**B. First Amendment**

Plaintiff alleges his First Amendment rights are violated.

Simply because inmates retain certain rights does not mean that their rights are not subject to restrictions and limitations. *Wolfish*, 441 U.S. at 545, 99 S.Ct. 1861. Lawful confinement brings with it the withdrawal or limitation of many privileges and rights that are justified by considerations of the penal system. *Id.* at 546, 99 S.Ct. 1861. There must be a "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id. (*quoting *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). This principle applies equally to pretrial detainees and pretrial detainees do not possess the full range of freedoms as an unincarcerated individual. *Wolfish*, 441 U.S. at 546, 99 S.Ct. 1861. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." Id.

An inmate does not retain rights inconsistent with proper incarceration. *Overton v. Bazzetta*, 539 U.S. 126, 131, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003). This includes those First Amendment rights that are inconsistent with status as a prisoner or with the legitimate penological objectives of the corrections system. *Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129, 97 S.Ct. 2532, 53 L.Ed.2d 629 (U.S. 1977). For example, the Supreme Court has held that freedom of association is among those rights least compatible with incarceration and some curtailment of the freedom must be expected. *Overton*, 539 U.S. at 132, 123 S.Ct. 2162; *see also Pell v. Procunier*, 417 U.S. 817, 826, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974) (limitations on press interviews); *Thornburgh v. Abbott*, 490 U.S. 401, 405, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989) (regulation allowing rejection of incoming mail that was determined be detrimental to security, good order or discipline of the institution or if it might facilitate criminal activity); *Block v. Rutherford*, 468 U.S. 576, 591, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984) (denial of contact visits).

Plaintiff alleges his First Amendment rights are violated. Plaintiff alleges because he is unable to access the internet, he is unable to engage in political discourse and other connective

communications available on the internet. Plaintiff states a cognizable claim.

**C. Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated persons be treated alike, without distinctions based on immutable characteristics. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Plaintiff's equal protection claim challenges the distinctions drawn between prisoners/parolees and civil detainees. This distinction does not implicates a "suspect" or "quasi-suspect" classification supporting strict scrutiny or intermediate scrutiny analysis. *See Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).[2] Nor do plaintiff's allegations support a "class of one" equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (a "class of one" equal protection claim is premised on allegations that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). Rather, "where individuals in the group affected by a law have distinguishing characteristics relevant to interests the State has the authority to implement, the courts have been very reluctant... to closely scrutinize legislative choices as to whether, how, and to what extent those interests should be pursued. In such cases, the Equal Protection Clause requires only a rational means to serve a legitimate end." *Cleburne*, 473 U.S. at 441-42, 105 S.Ct. 3249. Plaintiff fails to state a cognizable Equal Protection claim.

**D. Capacity of the Defendant**

Plaintiff alleges that he is bringing claims against Defendant Clendenin in Defendant's official capacity. Courts look to the basis of the claims asserted and the nature of the relief sought to determine if the claims are asserted against the defendants in their individual or official capacity. *Cent. Reserve Life of N. Am. Ins. Co. v. Struve*, 852 F.2d 1158, 1161 (9th Cir. 1988).

---

[2] Challenges to state policies premised on a "suspect classification" (e.g. race, religion or national origin), or that burden the exercise of a fundamental constitutional right are analyzed under a "strict scrutiny" standard requiring that the challenged policy be narrowly tailoring to serve a compelling governmental interest. *Ball*, 254 F.3d at 823 (citation omitted). Challenges premised on a "quasi-suspect classification" (e.g. gender or illegitimacy) are analyzed under an "intermediate" scrutiny standard requiring that the challenged policy bear a substantial relationship to an important governmental interest. Id. (citation omitted).

Personal capacity suits seek to impose individual liability on the government official for actions taken under the color of state law. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). To state an individual capacity claim, the plaintiff must show that the actions of the defendant caused the deprivation of a federal rights. Id.

An official capacity suit on the other hand is equivalent to a suit against the state itself alleging that the agency's policy or custom played a part in the violation of federal law. *Hafer*, 502 U.S. at 25, 112 S.Ct. 358. Further, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

Plaintiff alleges that Defendant Clendenin is responsible for implementing a policy that prohibits him from possessing certain electronic devices. Plaintiff is attempting to hold the Defendant liable for official policies and procedures that are implemented by the Department of State Hospitals. Plaintiff is seeking declaratory and injunctive relief and monetary damages. Plaintiff cannot proceed against Defendant Clendenin in her official capacity for monetary damages, as the Eleventh Amendment precludes money damages against state officials acting in their official capacities. Plaintiff may proceed only on declaratory and injunctive relief theories.

### III. Conclusion and Recommendation

The Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendant Stephanie Clendenin, in her official capacity, for the policy adopted in title 9, §4350, precluding all communication and internet capable devices, in violation of the substantive Due Process clause of the Fourteenth Amendment and in violation of the First Amendment. Plaintiff fails to state any other cognizable claims. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed May 7, 2021, against

Defendant Stephanie Clendenin, in her official capacity, for the policy adopted in title 9, §4350, precluding all communication and internet capable devices, in violation of the substantive Due Process clause of the Fourteenth Amendment and in violation of the First Amendment.

2. The claim for monetary damages, against Defendant Clendenin in her official capacity, be dismissed as barred by the Eleventh Amendment.

3. All other claims be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

\*\*\*

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 7, 2021**              /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE