1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM HESTER,                         No.  1:20-cv-01569-NONE-BAM (PC)

12                 Plaintiff,

13        v.                                 ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS REGARDING
14   CLENDENIN, *et al.*,                    DISMISSAL OF CERTAIN CLAIMS AND
                                             DEFENDANTS
15                 Defendants.
                                             (Doc. No. 9)
16

17        Plaintiff William Hester is a civil detainee proceeding *pro se* and *in forma pauperis* in this

18   civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California

19   Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the

20   meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir.

21   2000).  In the currently operative first amended complaint, plaintiff names Stephanie Clendenin,

22   Director of State Hospitals, as the sole defendant.  (Doc. No. 7.)

23        On June 7, 2021, the assigned magistrate judge screened plaintiff's first amended

24   complaint and issued findings and recommendations recommending that plaintiff's substantive

25   due process and First Amendment claims be allowed to proceed against defendant Clendenin, in

26   her official capacity, with respect to the policy adopted in California Code of Regulations, Title 9,

27   § 4350 precluding patients committed to California state hospitals from possessing

28   communication and internet capable devices.  (Doc. No. 9.)  The magistrate judge further

                                             1

1  recommended that plaintiff's claim for monetary damages against defendant Clendenin in her

2  official capacity be dismissed as barred by the Eleventh Amendment and all other claims be

3  dismissed from this action based on plaintiff's failure to state claims upon which relief may be

4  granted.  (*Id.*)  The findings and recommendations were served on plaintiff and contained notice

5  that any objections were to be filed within fourteen (14) days after service.  (*Id.* at 10.)

6         On June 17, 2021, plaintiff filed a statement indicating to the court that he will not be

7  filing an objection to the magistrate judge's screening order of his first amended complaint.

8  (Doc. No. 10.)

9         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

10  *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings

11  and recommendations to be supported by the record and by proper analysis.

12        Accordingly,

13     1.  The findings and recommendations issued on June 7, 2021, (Doc. No. 9), are adopted

14         in full;

15     2.  This action shall proceed on plaintiff's substantive due process and First Amendment

16         claims against defendant Stephanie Clendenin, in her official capacity, with respect to

17         the policy adopted in California Code of Regulations, Title 9, § 4350 precluding

18         patients committed to California state hospitals from possessing communication and

19         internet capable devices;

20     3.  The claim for monetary damages against defendant Clendenin in her official capacity

21         is dismissed as barred by the Eleventh Amendment;

22  /////

23  /////

24  /////

25  /////

26  /////

27  /////

28  /////

2

4. All other claims and defendants[1] are dismissed from this action for failure to state a claim upon which relief may be granted; and

5. This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __**July 20, 2021**__                          _____

UNITED STATES DISTRICT JUDGE

---

[1] The first amended complaint named Stephanie Clendenin as the sole defendant. (Doc. No. 7 at 2; Doc. No. 9 at 2.) However, the original complaint also named Brandon Price as a defendant. (Doc. No. 1 at 2.) Accordingly, the court finds it appropriate to dismiss Brandon Price as a defendant from this action.

3