# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HESTER, | Case No.  1:20-cv-01569-DAD-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 23) |
| v. | |
| CLENDENIN, *et al.*, | ORDER GRANTING PLAINTIFF'S MOTION REQUESTING LEAVE TO FILE SURREPLY (ECF No. 24) |
| Defendants. | |
| | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF No. 18) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.     Introduction

Plaintiff William Hester ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  This action proceeds on Plaintiff's first amended complaint for substantive due process and First Amendment claims against Defendant Stephanie Clendenin, in her official capacity, with respect to the policy adopted in California Code of Regulations, Title 9, § 4350

1

precluding patients committed to California State Hospitals from possessing communication and internet capable devices.

On September 27, 2021, Defendant filed a motion to dismiss on the ground that the matter is time-barred, the complaint fails to state a claim upon which relief can be granted, and Defendant is entitled to judgment as a matter of law.  (ECF No. 18.)  Plaintiff filed an opposition on October 18, 2021, (ECF No. 20), and Defendant filed a reply brief on October 25, 2021, (ECF No. 21).

On November 4, 2021, Plaintiff filed a motion for leave to file a second amended complaint, together with a motion requesting to file a surreply to Defendant's motion to dismiss.  (ECF Nos. 23, 24.)  Defendant did not file an opposition or otherwise respond to these motions, and the deadline to do so has expired.

Defendant's motion to dismiss and Plaintiff's motions to amend and to file a surreply are deemed submitted.  Local Rule 230(l).

**II.**      **Plaintiff's Motion to Amend**

In his motion to amend, Plaintiff states that since the initial filing, additional facts have come to light that support the cause of action in the complaint, and he requests leave to file a second amended complaint to state these new facts and to clarify any confusion between historical information and current facts or conditions.  (ECF No. 23.)  Plaintiff did not attach a proposed second amended complaint.

"Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires.  However, the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of amendment."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citations and internal quotation marks and brackets omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."

1    (citation and internal quotation marks omitted)).

2           Although Defendant apparently has no opposition to the filing of a second amended

3    complaint, as discussed in the findings and recommendations below, the Court has determined

4    that Plaintiff's claims are barred by the applicable statute of limitations.  As Plaintiff cannot plead

5    any additional facts regarding more recent events that would cure this defect, it would be futile to

6    grant Plaintiff leave to amend.  *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049,

7    1060 (9th Cir. 2008).

8    **III.     Plaintiff's Motion to File Surreply**

9           In conjunction with his motion to amend, Plaintiff filed a request to file a surreply to

10   Defendant's motion to dismiss, including a proposed surreply.  (ECF No. 24.)  The proposed

11   surreply argues that Plaintiff's complaint is based on current conditions due to current policies in

12   effect, and Defendant is misapplying historical information and confusing the issue at hand.

13   Plaintiff contends that the statute of limitations only applies to requests for monetary damages,

14   which are not permitted in this suit pursuant to the Court's screening order.  Plaintiff is only

15   requesting injunctive and declaratory relief based on the current conditions, and a second

16   amended complaint would clarify this by removing historical references and focusing on current

17   conditions and policies.  (*Id.*)

18          Generally, parties do not have the right to file sur-replies, and motions are deemed

19   submitted when the time to reply has expired.  Local Rule 230(l).  The Court generally views

20   motions for leave to file sur-replies with disfavor.  *Hill v. England*, No. CVF05869 REC TAG,

21   2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes–Benz USA, LLC*, 366 F.

22   Supp. 2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either

23   permit or preclude a sur-reply.  *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195,

24   1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable

25   surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district

26   court did not abuse discretion in denying leave to file sur-reply where it did not consider new

27   evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply

28   may not be considered without giving the non-movant an opportunity to respond).  In this Circuit,

1    courts are required to afford *pro se* litigants additional leniency. *E.g., Wilhelm v. Rotman*, 680

2    F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v.*

3    *Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th

4    Cir. 2010).

5            Here, in light of Defendant's apparent non-opposition and Plaintiff's *pro se* status, the

6    Court will exercise its discretion and grant the motion to file a surreply. The Court will consider

7    the evidence presented, as discussed below.

8    **III.    Defendant's Motion to Dismiss**

9            **A.    Legal Standard**

10            Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for

11    "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In

12    considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court

13    must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89

14    (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v.*

15    *McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir.

16    1999). In ruling on the motion, the court "may generally consider only allegations contained in

17    the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."

18    *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and

19    quotation marks omitted). The court may also consider documents incorporated by reference into

20    the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

21            In general, *pro se* pleadings are held to a less stringent standard than those drafted by

22    lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court has an obligation to construe

23    such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

24    However, a court's liberal interpretation of a pro se complaint may not supply essential elements

25    of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th

26    Cir. 1982). Also, the Court need not credit "naked assertions," "labels and conclusions" or "a

27    formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*,

28    550 U.S. 544, 555–57 (2007).

**B.      Summary of Relevant Allegations in First Amended Complaint**

Plaintiff is currently housed at Coalinga State Hospital, where the events in the first amended complaint are alleged to have occurred.  Plaintiff alleges that he arrived at Coalinga State Hospital on April 17, 2005, and has been suffering the alleged causes of action from April 17, 2005 to the present.  Plaintiff names Stephanie Clendenin, Director of State Hospitals, as the sole defendant.  Defendant Clendenin is named in her official capacity.

Plaintiff alleges that he, as a civil detainee, has the right to be free from punishment. Defendant is the top policy maker responsible for the policies at issue.  Plaintiff alleges that the Sexual Violent Predator Act does not implicate punishment and retribution and deterrence cannot be used to implement regulations that pertain to Plaintiff.  Plaintiff alleges title 9, § 4350[1] does not have penological interest, and cannot be for the purpose of punishment, retribution, or deterrence.  Nevertheless, implementation of § 4350, designed to enforce deterrence, is punishing Plaintiff because it is a blanket regulation and not case specific to Plaintiff.  That makes it punishment and subjects Plaintiff to conditions of confinement more restrictive than those for criminals on parole and probation and his SVP peers on ConRep/Liberty.  This violates Plaintiff's due process rights under the Fourteenth Amendment.

In addition, the regulations are designed in a way to obstruct Plaintiff's access to political information and discussions, which are predominantly distributed and conducted online.  Plaintiff is being functionally denied access to society and his rights of free speech in violation of the First Amendment.

Plaintiff is seeking declaratory and injunctive relief.[2]

**C.      Parties' Positions**

Defendant argues that Plaintiff's claims are barred by the two-year statute of limitations. (ECF No. 18, p. 4.)  Plaintiff admits that he was subject to the challenged electronic property

---

[1] 9 C.C.R. § 4350 prohibits as contraband, electronic devices with communication and internet capabilities, such as devices capable of connection to the internet, computers, digital memory storage, and other means of memory storage.

[2] As Plaintiff is suing Defendant Clendenin in her official capacity, his claim for monetary damages is barred by the Eleventh Amendment.  (ECF No. 11.)

restrictions immediately upon his admission to Coalinga State Hospital on April 17, 2005, while

§ 4350 was first promulgated on October 26, 2009.  Defendant contends that the statute of

limitations commences to run from, at the latest, October 26, 2009, and given the two-year statute

of limitations, Plaintiff had a deadline of October 26, 2011 to initiate this action.  However,

Plaintiff fails to explain why he waited until May 7, 2021 to file suit.[3]  Further, Plaintiff is not

excused by the continuing violations doctrine, as it is inapplicable to Plaintiff's individualized

claim.

In his opposition, Plaintiff contends that his complaint is not time-barred, because

although the first element of the complaint may have started nine years back, the last element has

not been reached due to current conditions amounting to punishment.  Plaintiff argues that

although the statute of limitations may have started to run nine years ago, when the Plaintiff was

aware of the conditions, in a continuous violation the statute of limitations is used to bar older

events but not those within the statute of limitations.  Further, there should be no limit to

equitable tolling.  In this case, Plaintiff argues that the statute of limitations should also be four

years, not two, and that those four years should only be applied from the filing date of the case

back four years for a claim for money damages only.

In reply, Defendant argues that equitable tolling does not apply because Plaintiff admits

that he was aware that he was subject to the challenged electronic property restrictions since April

17, 2005, but pleads no facts indicating that he was otherwise pursuing other legal remedies

challenging the restrictions prior to filing this suit.  The continuing violations doctrine is also

inapplicable because Plaintiff alleges only individualized claims, and while he remains subject to

the electronic property restrictions, no new acts are occurring to create an obligation  and the

restrictions do not impose a continuing or recurring obligation that would trigger a new

limitations period.

In his surreply, Plaintiff argues that Defendant is misapplying historical information and

confusing the issue at hand, and the historical information is provided to be informational in

_____

[3] Defendant erroneously states that May 7, 2021 is the date Plaintiff filed suit.  The Court clarifies that while the first amended complaint was filed on May 7, 2021, Plaintiff initiated this action on November 6, 2020.  (ECF No. 1.)

1   nature only.  The cause of action relates to current ongoing and evolving conditions, and therefore

2   the statute of limitations, which would apply to requests for monetary damages, does not apply to

3   the injunctive and declaratory relief requested in this suit.

4          **D.     Statute of Limitations**

5          Section 1983 contains no specific statute of limitations.  Therefore, federal courts apply

6   the forum state's statute of limitations for personal injury actions.  *Jones v. Blanas*, 393 F.3d 918,

7   927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*,

8   192 F.3d 911, 914 (9th Cir. 1999).  California's statute of limitations for personal injury actions is

9   two years.  Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at

10  954−55.

11         Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a

12  claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause

13  of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted);

14  *Maldonado*, 370 F.3d at 955; *Fink*, 192 F.3d at 914.

15         In actions where the federal court borrows the state statute of limitations, courts should

16  also borrow all applicable provisions for tolling the limitations found in state law.  *Jones*, 393

17  F.3d at 927.  Under California law, the two-year statute of limitations is tolled during the time a

18  prisoner pursues his administrative remedies and is potentially tolled up to an additional two

19  years if Plaintiff is incarcerated for a term of less than life.  *Douglas*, 567 F.3d at 1109 ("State law

20  governs the statute of limitations period for § 1983 suits and closely related questions of tolling.

21  Section 1983 claims are characterized as personal injury suits for statute of limitations purposes"

22  (citations omitted)); *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute

23  of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal.

24  Civ. Proc. Code §§ 335.1, 352.1(a).

25         As noted above, Plaintiff is a civil detainee, not a prisoner.  By its terms, Section 352.1

26  does not apply to civil detainees.  *See Jones*, 393 F.3d at 927 ("the literal language of the statute

27  does not cover Jones, a civil detainee").  Nevertheless, by applying California's doctrine of

28  equitable tolling, the Ninth Circuit has found that "a continuously confined civil detainee who has

pursued his claim in good faith" may take advantage of tolling.  *Id.* at 930; *see also Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (requirements for equitable tolling in California).  The Ninth Circuit found that " 'actual, uninterrupted incarceration is the touchstone' for applying California's tolling provision for the disability of imprisonment," *Jones*, 393 F.3d at 928 (quoting *Elliott v. City of Union City*, 25 F.3d 800, 803 (9th Cir. 1994)), and that the rationale behind the rule "applies with equal force to the case of an individual continuously detained under civil process," *id.*  The Ninth Circuit observed that, "[l]ike criminal inmates, civil detainees litigate under serious disadvantages.  The civilly confined are limited in their ability to interview witnesses and gather evidence, their access to legal materials, their ability to retain counsel, and their ability to monitor the progress of their lawsuit and keep abreast of procedural deadlines." *Id.* at 929.

California law also provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith."  *Fink*, 192 F.3d at 916 (citation and quotation marks omitted); *see also Addison v. State of Cal.*, 21 Cal. 3d 313, 319 (1978) (citations omitted).

"The continuing violation theory applies to § 1983 actions[.]"  *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).  "Since [Plaintiff] does not allege a system or practice of discrimination, the only way [he] can hope to show a continuing violation is to 'state facts sufficient . . . [to] support[ ] a determination that the alleged . . . [violations] are related closely enough to constitute a continuing violation, and that one or more of the acts falls within the limitations period.' "  *Id.* (citations omitted).  However, the Ninth Circuit "has repeatedly held that a mere continuing impact from past violations is not actionable."  *Id.* (citations and internal quotation marks omitted).

### E.      Discussion

Plaintiff arrived at Coalinga State Hospital on April 17, 2005, and has been subject to the challenged electronic property restrictions since that date.  (ECF No. 7, p. 2.)  On October 26,

2009, the Department of State Hospitals ("DSH") promulgated California Code of Regulations, title 9, § 4350.  Cal. Code Regs., tit. 9, § 4350.  "Section 4350 prohibits Sexually Violent Predators . . . who have been civilly committed to a DSH-operated hospital from possessing electronic devices, including personal laptops, capable of connecting to a wired or wireless communications network."  *Allen v. King*, 741 F. App'x 463, 463 (9th Cir. 2018).  As Plaintiff admits that he was aware that he was subjected to the challenged electronic property restrictions upon his arrival at Coalinga on April 17, 2005, Plaintiff's claims accrued, at the earliest, on April 17, 2005.  However, as Plaintiff challenges § 4350 specifically, his claims with respect to § 4350 accrued on October 26, 2009, when the regulation was promulgated.

The Court applies California's two-year statute of limitations for personal injury claims to Plaintiff's § 1983 claims.  *Douglas*, 567 F.3d at 1109.  Although Defendant asserts that only the standard two-year statute of limitations applies, Defendant does not dispute that Plaintiff was continuously detained from April 17, 2005 to the present.  Therefore, the Court will assume for purposes of this motion that Plaintiff may take advantage of section 352.1's additional two years of tolling.  *Jones*, 393 F.3d at 930; Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

Plaintiff has not otherwise presented any argument that he is entitled to additional equitable tolling.  Plaintiff has not alleged that he was in any way prevented from filing a lawsuit regarding these claims prior to filing this action, or that he was pursuing another remedy in another forum.

Rather, Plaintiff contends that his complaint is not time-barred because he remains subject to conditions that amount to punishment, he is not seeking monetary damages, and his claims fall under the continuing violations doctrine.  The Court finds the argument regarding the merits of Plaintiff's claims and whether he is subject to conditions amounting to punishment to be irrelevant, because the Court does not consider the merits of a claim when deciding whether a claim is barred by the applicable statute of limitations.  *See Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1046 (9th Cir. 2008).  As to the argument regarding monetary damages, Plaintiff does not identify, and the Court is unaware of, any authority which limits the statute of limitations in civil rights actions to claims for monetary damages, but exempts claims

1  for injunctive or declaratory relief.

2        Finally, the continuing violation doctrine is inapplicable to this action because Plaintiff

3  has failed to establish that a new violation occurs every day that § 4350 remains in effect.  Rather,

4  the fact that Plaintiff has been prohibited from possessing such a device or accessing the Internet

5  since he arrived at Coalinga State Hospital is merely the continuing effect of the bans imposed by

6  the enactment of the challenged regulations.  *Knox*, 260 F.3d at 1013 (mere continuing impact

7  from past violations is not actionable); *see also Consiglio v. Brown*, Case No. 1:16-cv-01268-

8  AWI-SAB (PC), 2019 WL 6338117, at *3 (E.D. Cal. Nov. 27, 2019) (dismissing challenge to

9  § 4350 as barred by the statute of limitations and finding no continuing violation).

10        Accordingly, the Court finds that Plaintiff's claim accrued on October 26, 2009,

11  when§ 4350 was first promulgated.  The statute of limitations applicable to Plaintiff's claims

12  lapsed on October 26, 2013, four years after Plaintiff's claim accrued on October 26, 2009.  As

13  Plaintiff did not file the instant action until November 6, 2020, seven years later, Plaintiff's

14  claims are time-barred.  Although Plaintiff has moved for leave to file a second amended

15  complaint with facts regarding recent events, any recent allegations related to the claims in this

16  suit would similarly be the continuing impact of the original challenged regulations.  Therefore,

17  Plaintiff cannot plead any additional facts that would cure this defect, and the Court finds that it

18  would be futile to grant Plaintiff leave to amend.  *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,

19  522 F.3d 1049, 1060 (9th Cir. 2008).

20  **IV.    Order and Recommendation**

21        Based on the foregoing, it is HEREBY ORDERED as follows:

22    1.  Plaintiff's motion for leave to amend, (ECF No. 23), is DENIED; and

23    2.  Plaintiff's motion requesting leave to file surreply, (ECF No. 24), is GRANTED.

24                                    * * *

25        Furthermore, it is HEREBY RECOMMENDED that:

26    1.  Defendant's motion to dismiss, (ECF No. 18), be GRANTED, without leave to amend;

27        and

28    2.  This action be DISMISSED, with prejudice, as time-barred.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 7, 2022**                    /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

11